UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LELA LOGAN INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD L.L. | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| NEW ORLEANS POLICE DEPARTMENT, THROUGH THE CITY OF NEW ORLEANS, SHAUN D. FERGUSON in his official capacity As the Superintendent of the New Orleans Police Department, MORRIS JEFF COMMUNITY SCHOOL, | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The Complaint of Lela Logan, individually and on behalf of her minor child L.L.

## PARTIES

**1.**

Plaintiff Lela Logan, individually and on behalf of her minor child, L.L., is a person of the age of majority and a resident of the Eastern District of Louisiana.

**2.**

Defendants are:

a. New Orleans Police Department, through the City of New Orleans, a political subdivision of the State of Louisiana and a municipal corporation, which at all relevant times the employer of the named co-defendant,, is directly liable for the acts complained of herein due to its policies and practices and its grossly negligent hiring, training and supervision of the defendant,,. Defendant, New Orleans Police Department, through the City of New Orleans, is also vicariously liable for the acts complained of herein.

b. Shaun D. Ferguson, a person of the full age of majority and a resident of the Eastern District of Louisiana. Mr. Ferguson is the superintendent of the New Orleans Police Department. He is and was responsible for the hiring, training, supervision, discipline, and control of the police officers under his command as well as the supervision, administration, policies, practices, customs and operations of the New Orleans Police Department. He is responsible, through his officers, employees, servants, and agents, for the enforcing the regulations and standards of conduct for the New Orleans Police Department and for ensuring its officers, employees, servants, and agents obey the laws of the State of Louisiana and the United States of America. He is the final policy maker. He is being sued herein in his official capacity. He is liable directly and vicariously for the actions complained of herein

c. Officer Karl Marshall, a person of the full age of majority and resident of the Eastern District of Louisiana, was New Orleans Police Department Police Officer and a School Resource Officer at the time of the incident complained of herein acting within the course and scope of his employment and under the color of law. Officer Marshall is being sued in his individual and official capacity.

d. Morris Jeff Community School, a public charter school authorized to provide a public education by the State of Louisiana and its political subdivision the City of New Orleans.

e. L & R Security Services, Inc., a Louisiana corporation organized under the laws of the State of Louisiana.

## Jurisdiction

**3.**

The plaintiff brings this action for declaratory relief and for monetary damages against the defendants for violation of 42 U.S.C § 1983; section 504 of the Rehabilitation Act of 1973; The Americans with Disabilities Act of 1990; Individuals with Disabilities Education Act; the Fourth Amendment of the United States Constitution; Louisiana Civil Code Article 2315; and Louisiana Civil Code Article 1906.

## Venue

**4.**

Venue lies in this Court under 28 U.S.C. § 1391(b)(2), as the events giving rise to these claims occurred within this judicial district.

## Statement of Facts

**5.**

The plaintiff Lela Logan, individually and on behalf of her minor child L.L. both reside in New Orleans, Louisiana in the Parish of Orleans.

**6.**

During the 2018-2019 school year, Lela Logan enrolled L.L. into Morris Jeff Community School ("Morris Jeff"). L.L. is student with an Individual Education Plan ("IEP"). Pursuant to federal and Louisiana State law, any school providing public education to a student with a recognized exceptionality must provide certain services and protection for the student. L.L. exceptionalities are as follows: Disruptive Mood Dysregulation Disorder; ADHD; Impulse Disorder; Oppositional Defiant Disorder; and a history of Kleptomania. Morris Jeff was required, pursuant to federal and state law to implement a Behavior Intervention Plan ("BIP"). Morris Jeff

failed to create BIP for L.L. during the 2018-2019 school year in violation of federal and state laws.

**7.**

On December 19, 2018, the Dean of Students at Morris Jeff, identified only as Ms. Rodriguez, reviewed video surveillance footage to determine what happen to a Christmas gift located on the third-floor dean's desk. While reviewing the video surveillance footage, Ms. Rodriguez saw L.L. take the item off the desk, place it in his shirt and enter the third-floor men's restroom. When L.L. exited the men's restroom, he no longer had the item in his possession. The assistant dean identified only as Mr. Stacker, searched the third-floor men's room and discovered the item taking from the desk by L.L. was hidden in the ceiling tile of the restroom.

**8.**

Mr. Stacker went to retrieve L.L. from his classroom and relocate him to the school's intervention room to inform L.L. that he was seen on video taking the item off the third-floor's dean's desk. After being brought to the school's intervention room, L.L. became upset and allegedly began using profanities and yelling at Mr. Stacker. L.L. refused to remain in the intervention room and ran out into the school of the intervention room. Mr. Stacker radioed the school's social worker, discipline and intervention team that L.L. was intentionally unsupervised on the school's campus. Subsequently, Ms. Rodriguez contacted the assistant principal identified as Ms. Cherrie to come to the second floor and assist with L.L. Thereafter, L & R Security Services, Inc. employee, identified as Officer Tyson came to the second floor to assist. Ms. Cherrie. Morris Jeff alleges that L.L. made terroristic threats of blowing up the school towards the school building and inflict bodily harm on Ms. Cherrie and Officer Tyson.

**9.**

Officer Tyson, allegedly in an effort to protect Ms. Cherrie, the student body and himself, physically restrained L.L. and placed in the school's library. Officer Tyson remained near the door of the library while school administrators stood outside the door, instructing Officer Tyson to remain by the door and allow L.L. to vent. L.L. began to throw books, chairs and other times causing damage to school's library. It is alleged that during this time L.L. began to throw items at Officer Tyson, at which time Ms. Cherrie decided to call 911and the City's crisis unit.

**10.**

Morris Jeff contacted Lela Logan and informed her that L.L. was having a mental health crisis and that that 911 and the crisis unit had been contacted. Mr. Stacker, who is allegedly CPI certified, entered the library in an effort to assist Officer Tyson because it is alleged that Officer Tyson was being struck by items L.L. had thrown at him. Mr. Stacker began video tapping the incident.

**11.**

NOPD and the School's Resource officer Karl Marshall ("Officer Marshall") entered the library and located L.L. in the back corner of the library, had L.L. stand up and placed L.L. in handcuffs. Allegedly as Officer Marshall and Officer Tyson escorted L.L. out of the library, L.L. threatened to kill Officer Marshall and used profanities directed at Officer Marshall. As L.L. was being led out of the library it is alleged that L.L. directed profanities at the school's principal Mrs. Leaf and spitting in her face.

**12.**

As Officer Marshall escorted L.L. out of the school, Lela Logan showed up and encountered Officer Marshall and L.L. Ms. Logan in an effort to comfort L.L. approached him and began to rub his face. At this point Officer Marshall asked Ms. Logan to step back at which point L.L. spit in Officer Marshall's face.

**13.**

Once outside the school, Ms. Logan asked Officer Marshall and Officer Tyson to place L.L. inside the police car. Officer Marshall and Officer Tyson, while both restraining L.L. in front of a parked car, refused to place L.L. in the police, allegedly in an effort to get L.L. to calm down. Once Officer Marshall placed L.L. into the police car L.L. spit on Officer Marshall again at which point Officer Marshall struck L.L. while he was handcuffed and in the back of the police car.

**14.**

L.L. was taking to the hospital and would eventually be admitted to a behavioral health hospital for ten (10) months following this incident. L.L. suffered from severe emotional distress following this incident.

**First Cause of Action**
**Claims under Section 504 of the Rehabilitation Act of 1973 and**
**The Americans with Disabilities Act of 1990**

**15.**

The plaintiff reiterates herein the allegations of Paragraphs 1 through 14.

**16.**

Morris Jeff is an entity that receives federal financial assistance and therefore cannot discriminate against a student with disabilities pursuant to Section 504 of the Rehabilitation Act of 1973. Morris Jeff discriminated and excluded L.L. from the academic environment because of

his disability. The actions and behaviors of L.L. were behaviors that was included within his exceptionalities. Therefore, L.L. should not have been excluded from the campus when he was unlawfully handcuffed and taking from the school. L.L. was removed and excluded from the campus because of his disability. Morris Jeff was aware of L.L.'s disabilities and exceptionalities and the behavior manifestations of his disabilities.

17.

During the 2018-2019 school year, L.L. was excluded from the academic environment over ten (10) days by Morris Jeff in direct violation of state and federal law and the school's handbook. L.L. and Ms. Logan suffered severe emotional distress as a result of Morris Jeff's violation of Section 504 of the Rehabilitation Act of 1973.

**Second Cause of Action**
**Fourth Amendment Violation under 42 U.S.C. § 1983 against**
**The New Orleans Police Department through the City of New Orleans,**
**Superintendent Shaun Ferguson**
**And New Orleans Police Officer Karl Marshall**

18.

Officer Karl Marshall, while acting under the color of state law, deprived the L.L. of rights secured to him under the Fourth Amendment to the United States Constitution when Officer Marshall seized the person of L.L. by placing him in handcuffs and striking L.L. The New Orleans Police Department through the City of New Orleans and Superintendent Shaun Ferguson was negligent in failing to properly train and supervise Officer Marshall in his role as a school resource officer and failing to properly train and supervise Officer Marshall in the proper use of force.

**Third Cause of Action**
**Morris Jeff was Negligent for Failing to Implement**
**A Behavioral Intervention Plan**

19.

Morris Jeff was negligent in failing to implement a BIP for L.L. Morris Jeff's negligence caused L.L. to suffer damages because the school did not have a plan in place to deal with L.L.'s disabilities and exceptionalities. Therefore, Morris Jeff failed to properly train and supervise its employees' actions when dealing with L.L. Morris Jeff's negligence caused L.L. to suffer a severe emotional disturbance. Morris Jeff was also negligent in authorizing Officer Tyson to improperly and unlawfully detained L.L. in the school's library.

**Fourth Cause of Action**
**Morris Jeff Breach its Contract with**
**Lela Logan**

20.

Morris Jeff entered into an agreement with Lela Logan to provide L.L. with educational services specific to his IEP. Morris Jeff breached this obligation when it failed to implement a BIP. This breached led L.L. to suffer damages.

**Fifth Cause of Action**
**Negligence against L & R Security Services, Inc.**

21.

L & R was negligent in failing to properly train and supervise its employees in dealing with students with disabilities and exceptionalities. This failure to properly train and supervise its employees caused Officer Tyson to unlawfully and improperly detain L.L. in the school's library.

WHEREFORE, the plaintiff prays that, after due proceedings, there be a judgment herein its favor and against the defendants, New Orleans Police Department through the City of New

Orleans, Superintendent Shaun Ferguson, Morris Jeff Community School and L & R Security Services, Inc.

(1) Award the plaintiff damages for emotional distress and mental anguish;

(2) Declaratory judgment that Morris Jeff violated the Individual with Disabilities Education Act;

(3) Awarding plaintiff punitive damages

(4) Awarding plaintiff attorney's fees

Respectfully submitted,

**JACK & HARRISON, LLC.**

*/s/ Gerald J. Hampton, Jr.*
_____
**GERALD J. HAMPTON JR., #3516)**
**DAMION L. JACK, #36877**
**R. CHRISTOPHER HARRISON, #35809**
1010 Common Street, Suite 800
New Orleans LA 70112
Phone: 504-603-3222
Fax: 504-324-0983
Email: g.hampton@jackandharrisonlaw.com
*Attorneys for the Petitioner*