UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LELA LOGAN, Individually                    CIVIL ACTION
and on behalf of her minor child
L.L.

VERSUS                                      No.: 19-14671

NEW ORLEANS POLICE                          SECTION: "J" (1)
DEPARTMENT, ET AL.

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 31)** filed by Defendants, Officer Karl Marshall, Superintendent Shaun D. Ferguson, the New Orleans Police Department ("NOPD"), and the City of New Orleans ("the City"). The motion is opposed by Plaintiff Lela Logan (Rec. Doc. 32). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff's son, L.L., attends Morris Jeff Community School ("Morris Jeff"). L.L. has an individual education plan for the following exceptionalities: disruptive mood dysregulation disorder; attention deficit hyperactivity disorder; impulse disorder; oppositional defiant disorder; and kleptomania.

On December 19, 2018, officials at Morris Jeff discovered that L.L. had taken a Christmas gift from an administrator's desk and hidden it in a bathroom. L.L. was removed from his classroom and brought to the school's intervention room, at which

point he became upset, started yelling, and ran out into the school. An officer with L & R Security Services, Inc. physically restrained L.L. and placed him in the library, where he began throwing books, chairs, and other items, including allegedly at the security officer.

NOPD was called and Officer Marshall responded. Officer Marshall located L.L. in the library and placed him in handcuffs before escorting him out of the library. As L.L. was being escorted out, he allegedly threatened to kill Officer Marshall, used profanities, and spat in the principal's face. Plaintiff arrived as Officer Marshall was escorting L.L. out of the school and approached them and attempted to calm L.L. Officer Marshall asked Plaintiff to step back, at which point L.L. spat in Officer Marshall's face. Plaintiff asked Officer Marshall to place L.L. in the back of the police car, but when he did, L.L. spat on him again. Officer Marshall then struck L.L. while he was handcuffed in the back of the police car. Following this incident, L.L. was eventually admitted to a behavioral health hospital for ten months.

As relevant here, Plaintiff brings a claim under 42 U.S.C. § 1983 against the New Orleans Police Department "through the City of New Orleans," Superintendent Ferguson, and Officer Marshall for violating L.L.'s Fourth Amendment rights by placing him in handcuffs and striking him. Plaintiff claims NOPD, the City, and Ferguson were negligent in failing to properly train and supervise Officer Marshall in his role as a school resource officer and in the proper use of force.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

## DISCUSSION

### I.   NEW ORLEANS POLICE DEPARTMENT

Under Louisiana law, a police department is not a legal entity capable of being sued. *See, e.g.*, *Knight v. Colens*, No. 06-4538, 2006 WL 2849774, at *5 (E.D. La. Oct. 3, 2006); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Therefore, Plaintiff's claim against NOPD will be dismissed.

### II.   OFFICER MARSHALL

Defendants contend that Officer Marshall is entitled to qualified immunity. To overcome qualified immunity, a plaintiff must establish that (1) the allegations in the complaint show the defendant's conduct violated the plaintiff's constitutional rights, and (2) the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *See Alexander v. Eeds*, 392 F.3d 138, 144 (5th Cir. 2004). Showing that the right was clearly established requires a plaintiff to point out "a legislative directive or case precedent that is sufficiently clear such that every reasonable official would have understood that what he is doing violates the law." *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020). Significantly, the plaintiff bears the burden of rebutting a qualified immunity defense. *Id.* at 221.

Here, Plaintiff has failed to identify any case where a court held that a police officer acted unreasonably by handcuffing or striking a student with disabilities under similar circumstances. Thus, she has failed to show that Officer Marshall's conduct violated clearly established law. Officer Marshall is entitled to qualified immunity, and Plaintiff's claim against him will be dismissed.

### III.   SUPERINTENDENT FERGUSON AND THE CITY OF NEW ORLEANS

Plaintiff's claim against Superintendent Ferguson in his official capacity is a claim for liability against the municipality he serves, here the City of New Orleans. *See Brown v. City of New Orleans*, No. 16-17080, 2017 WL 897875, at *8 (E.D. La. Mar. 7, 2017), *aff'd*, 692 F. App'x 206 (5th Cir. 2017). To state a claim of municipal liability, a plaintiff must allege "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a

constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citation omitted). The policy may consist of "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000) (citation omitted).

The failure to train municipal employees may constitute a policy, but only when it "reflects a 'deliberate' or 'conscious' choice by a municipality." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Thus, although municipalities are not normally liable for inadequate training of employees, failure to properly train constitutes an actionable policy if, "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.

Defendants contend that Plaintiff has failed to sufficiently allege a policy or custom. In her Second Amended Complaint, Plaintiff alleges that the City had a "custom of unreasonably seizing a person in effort [sic] to 'control' the person's behavior despite the person not presenting a danger to the officer or anyone else."[1] This allegation is conclusory because Plaintiff fails to allege any facts showing that such a custom was persistent, widespread, common, or well-settled. *See Brown*, 219 F.3d at 457. Similarly, Plaintiff has failed to allege any facts showing that the need

---

[1] (Rec. Doc. 29, at 8; *see also id.* at 7 (alleging "a custom of unlawfully restraining students with exceptionalities in effort [sic] to 'control' the students [sic] behavior")).

to train Officer Marshall was obvious or that the lack of training was likely to result in a constitutional violation. *See City of Canton*, 489 U.S. at 390.

Plaintiff contends that the City's failure to punish Officer Marshall demonstrates that his actions were consistent with NOPD practices and customs and therefore the City "ratified" his behavior. However, just because the City may have ratified allegedly unconstitutional conduct in one instance "do[es] not suggest a pattern 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 852 (5th Cir. 2009) (citation omitted). Plaintiff has failed to sufficiently allege a policy or custom so as to subject the City to municipal liability. Therefore, Plaintiff's claims against Ferguson and the City will be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and Plaintiff's claims against Officer Karl Marshall, Superintendent Shaun D. Ferguson, the New Orleans Police Department, and the City of New Orleans are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 22)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 20th day of May, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE